IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **CAROLYN A. MARCUS** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**TRADENET PUBLISHING, INC.** )<br>**Serve Resident Agent:** )<br>**National Registered Agents, Inc. of KC** )<br>**2101 SW 21st Street** )<br>**Topeka, Kansas 66604** )<br>)<br>)<br>)<br>    **Defendant.** ) | **Case No.** 10-CV-2486 EFM/DJW<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Carolyn A. Marcus alleges the following against Defendant TradeNet Publishing, Inc. ("TradeNet"):

### NATURE OF THE CLAIM

1. This is an action for disability discrimination under The Americans with Disabilities Act ("ADA") and for violation of the Family and Medical Leave Act ("FMLA").

2. Although Plaintiff performed well in her position as an employee of Defendant TradeNet, she suffers from Graves Disease and was forced to take time off under the FMLA.

3. TradeNet was obligated to accommodate Plaintiff's disability and to grant time off under the FMLA, but instead terminated Plaintiff for absences from work necessitated by her disability.

## PARTIES

4. Ms. Marcus is a citizen of the United States and a resident of Gardner, Johnson County, Kansas. At all times relevant herein, she was employed by Defendant TradeNet Publishing, Inc., at its facility in Gardner, Kansas.

5. TradeNet Publishing, Inc. is a Kansas for-profit corporation, organized and existing pursuant to the laws of the State of Kansas.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this case pursuant to Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et. seq.*, and 28 U.S.C. § 1331 (federal question).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

## ADMINISTRATIVE PROCEEDINGS

8. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC") on or about October 2, 2009 and a parallel charge with the Kansas Human Rights Commission ("KHRC") on October 21, 2009. A copy of the EEOC charge is attached as Exhibit 1, and a copy of the KHRC charge is attached as Exhibit 2.

9. On or about June 3, 2010, the EEOC mailed Ms. Marcus her right-to-sue notice pursuant to Title VII. A copy of the right-to-sue notice is attached as Exhibit 3.

10. This action has been filed with this Court within 90 days of Ms. Marcus's receipt of his right-to-sue notice from the EEOC. Ms. Marcus has therefore fully complied with all administrative prerequisites before filing this action.

## ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff was employed by Defendant as an Assembly Line Worker from August 16, 1999 until her termination on July 29, 2009.

12. Plaintiff was diagnosed with Graves Disease/hypothyroidism in approximately 1991. Her condition causes her to have periods of extreme fatigue. Stress can exacerbate her condition, and cause her to experience black-outs.

13. In approximately 2002, Plaintiff first sought protection from her employer for this condition under the Family and Medical Leave Act (FMLA).

14. On or about July 22 or July 23, 2009, Jay Elliott, Production Manager at TradeNet, asked Plaintiff whether she liked her job. When she responded positively, Mr. Elliott responded, "Then don't miss any more days."

15. On July 24, 2009, Plaintiff's physician, Dr. Mark Gillett, re-certified her condition under the FMLA, and opined that she would need intermittent leave under the FMLA to manage the symptoms associated with her serious condition.

16. Late in the day on July 27, 2009, Plaintiff's fiancé, with whom she resided, became ill, and Plaintiff took him to the Emergency Department of the hospital. Plaintiff remained with her fiancé and returned home early the next morning, fatigued and stressed from the experience. She blacked out in her room and remained unconscious for an undetermined period of time.

17. When she regained consciousness, Plaintiff called her supervisor, explained the situation, indicated that because of her condition, she was unable to work, and requested leave, consistent with her rights under the FMLA and the ADA.

18. On July 29, 2009, Defendant called Plaintiff at her home and terminated her employment.

## COUNT I
## DISABILITY DISCRIMINATION

19. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

20. Plaintiff's Graves Disease/hypothyroidism substantially limits her daily life activities.

21. Plaintiff was an otherwise qualified individual able to perform the essential functions of her job with reasonable accommodations.

22. Defendant was aware of Plaintiff's disabling condition, and that she needed leave when her disease made it impossible for her to work.

23. Defendant discriminated against Plaintiff based on her disability when management, after being fully apprised of her disabling condition and of the limitations of her daily life activities, threatened her with extreme consequences if she took any more leave for any reason at all.

24. Defendant discriminated against Plaintiff based on her disability when it terminated her because of her condition.

25. Defendant could have provided leave to Plaintiff, but instead terminated her because of her condition.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination based on her disability, for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief including reinstatement where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive or

intimidating treatment; for his costs expended; for his reasonable attorneys' and expert' fees; and for such other and further relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

26. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

27. Plaintiff qualified for leave under the FMLA.

28. Defendant interfered with Plaintiff's right to leave under the FMLA by threatening her with extreme consequences for additional leave after her doctor had certified her as a qualified employee under the FMLA.

29. Defendant interfered with Plaintiff's right to leave under the FMLA when it terminated her for taking additional leave rather than granting her the leave for which she qualified under the FMLA.

30. As a direct result of Defendant's unlawful conduct, Plaintiff has lost wages and other valuable benefits.

31. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered emotional distress and loss of enjoyment of life.

32. Defendant's conduct was willful, and therefore, Plaintiff is entitled to liquidated damages under the FMLA.

33. Plaintiff is entitled to attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays this Court adjudges and decrees the acts, practices, conduct and procedures of Defendant complained of herein violated the rights of Plaintiff under 29 U.S.C. §§ 2601 *et seq.*, order Defendant to make Plaintiff whole by awarding wages, salary, employment benefits, and compensation for emotional distress, suffering,

inconvenience, mental anguish, and loss of enjoyment of life to Plaintiff and interest thereon; award the Plaintiff an additional amount as liquidated damages equal to the sum of these damages and the interest on that amount; grant to Plaintiff her attorney's fees, legal costs and expenditures incurred in connection herewith; grant to Plaintiff a trial by jury on all claims or issues so triable as presented herein; order Defendant to reinstate Plaintiff; and, grant such other legal or equitable relief as the Court may deem just under the circumstances.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

Respectfully submitted,

/s/ Mark V. Dugan
**DUGAN SCHLOZMAN LLC**
Mark V. Dugan             D. Kan. # 70685
mark@duganschlozman.com
Heather J. Schlozman       D. Kan. # 23869
heather@duganschlozman.com
7001 W. 79th Street, Suite 102
Overland Park, KS 66204
Ph 913-322-3528
Fax 913-894-1686

**COUNSEL FOR PLAINTIFF**